UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL M. WIMBERLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 09-cv-3599 |
| v. | ) |
| | ) Judge John W. Darrah |
| SHERIFF TOM DART, | ) |
| MRS. DONNER, SGT. NALEPA, | ) |
| SGT. SMITH, and SGT. LYLES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Darrell M. Wimberly, a pre-trial detainee in the Cook County Department of Corrections ("CCDOC"), was involved in a prison yard altercation during which he was stabbed by another inmate. Plaintiff brought this action for alleged violations of his constitutional rights against the following CCDOC employees: Sheriff Tom Dart, Officer Donner, Sergeant Nalepa, Sergeant Smith, and Sergeant Lyles. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Presently before the Court is Defendants' Motion for Summary Judgment on all claims.

### BACKGROUND

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1. Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Rule 56.1(b)(3) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party

and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

On October 8, 2007, Plaintiff was assigned to Division I of the CCDOC Def. 56.1(a)(3) ¶ 5. At approximately 9:00 a.m. that day, Plaintiff went to the prison recreation yard ("the Yard"). Def. 56.1(a)(3) ¶ 14. While walking around the track in the Yard, Plaintiff was approached by another inmate who told Plaintiff that "someone[] was going to move on [him]." Def. 56.1(a)(3) ¶ 17. Plaintiff was not told who might move on him or otherwise attack him. *Id.* After the exchange, Plaintiff continued walking. Def. 56.1(a)(3) ¶ 18. He then came upon a group of ten to fifteen inmates in front of him on the track. *Id.* Plaintiff recognized one inmate in that group as "Rack City," a member of the Black P. Stones street gang with which Plaintiff is also affiliated. Def. 56.1(a)(3) ¶¶ 13, 19. Plaintiff overheard "Rack City" (later identified as Davon Mabry) say, "I already got natural life. I don't give a fuck," before Mabry turned and looked at Plaintiff. Def. 56.1(a)(3) ¶¶ 19, 21.

Plaintiff was then punched on the right side of his head by an unknown individual and fell to the ground. Def. 56.1(a)(3) ¶ 22. Once on the ground, Plaintiff "balled up" and put his hands over his head to protect himself while a number of unknown individuals began to kick and stomp him about his body. Def. 56.1(a)(3) ¶ 23. While on the ground, Plaintiff saw Mabry with a shiny object, which turned out to be a shank

(homemade knife). Def. 56.1(a)(3) ¶¶ 24-25. After seeing Mabry with the shank, Plaintiff got up and started screaming and running towards CCDOC officers who were coming out of a building fifty to sixty yards away. Def. 56.1(a)(3) ¶ 25. Mabry was chasing him with the shank, yelling, "I'm gonna kill your bitch ass." Def. 56.1(a)(3) ¶ 26.

The parties dispute the length of time Plaintiff was on the ground. At 11:45 a.m. on the day of the incident, Investigator Newsom of the CCDOC interviewed Plaintiff. Def. 56.1(a)(3) ¶ 34. Plaintiff informed him that he was on the ground for several seconds before he saw the shank. Def. 56.1(a)(3) ¶ 24; Ex. 4 to Def. Mot. for Summ. J. at ¶ 12. In his brief in opposition to Defendants' Motion for Summary Judgment, Plaintiff argues that it was much longer, pointing to testimony from his deposition that "the whole incident probably lasted for like, you know what I'm saying, at least six to nine minutes or so." Ex. A to Pl. Resp. to Mot. for Summ. J. at p. 18:6-8. At that same deposition, Plaintiff stated, "[The kicking and punching] probably didn't last that long, but, you, I didn't feel nothing for so long, I kind of looked up, you know." Ex. A to Pl. Resp. to Mot. for Summ. J. at p. 20:2-5. Plaintiff has presented no evidence regarding the length of time he was on the ground other than the aforementioned deposition statement regarding the length of the entire incident. This statement is directly contradicted by Plaintiff's admission to Investigator Newsom.

Plaintiff testified that all named Defendants (except for Sheriff Dart – who Plaintiff concedes was not present at any time during the incident) were about fifteen feet away at that time. Ex. A to Pl. Resp. to Mot. for Summ. J. at pp. 28:17-18, 29:3-7. Each

of the remaining named Defendants provided affidavits setting forth the specific locations of their assignments (not in the Yard) at the time of the attack and further stating that he or she was not in the Yard. Def. 56.1(a)(3) ¶ 37. Plaintiff maintains that they were present, citing his own deposition as his sole evidentiary support. Ex. A to Pl. Resp. to Mot. for Summ. J. at p. 29:3-7. Despite the alleged presence of Defendants, Plaintiff nonetheless ran away from them and a considerable distance further to a building near the Yard because Defendants failed to respond to a "look of fear" Plaintiff directed at them at some unknown point during the incident. Pl. 56.1(b) ¶¶ 1, 3.

Once Plaintiff reached the building, he reported that he had been attacked in the Yard. When asked if he had been hurt, Plaintiff stated that he was unsure; when CCDOC staff inspected Plaintiff, it was determined that he had been stabbed twice and had a scratch on the left side of his back and one on his neck. Def. 56.1(a)(3) ¶ 28. Plaintiff was transferred to Cermak Hospital for further treatment, which involved three stitches for each stab wound. Def. 56.1(a)(3) ¶ 29.

Other than his "look of fear," Plaintiff gave no other indication to any Defendants that he felt unsafe or that there was a threat against him at any time prior to the attack. Def. 56.1(a)(3) ¶ 32. Prior to the incident, Plaintiff did not have any problems with Mabry and was unaware as to any threat to his safety. Def. 56.1(a)(3) ¶ 30. The parties agree that before October 8, 2007, Plaintiff did not tell Defendants he thought he might get stabbed and did not know that he would be stabbed. Def. 56.1(a)(3) ¶¶ 32, 33. Upon his return from Cermak Hospital, Plaintiff refused to go into protective custody, as he did

not feel threatened or endangered by other inmates in the general population. Def. 56.1(a)(3) ¶ 42.

## LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (citations omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Abdullahi v. City of Madison*, 423 F.3d 763, 773

(7th Cir. 2005) (citing *Anderson*, 477 U.S. at 255). The court does not make credibility determinations or weigh conflicting evidence. *Id.*

## ANALYSIS

Plaintiff filed a *pro se* Complaint against Defendants, which he amended on August 31, 2009. The Amended Complaint does not separate each cause of action into individual counts. In their Motion for Summary Judgment, however, Defendants have separated the various allegations contained in the Amended Complaint into the following counts: a § 1983 claim against Sheriff Dart; § 1983 failure-to-protect claims against all Defendants in their individual capacities; and § 1983 excessive-force claims against all Defendants in their individual capacities.

In response to Defendants' Motion for Summary Judgment, Plaintiff concedes that he has not raised sufficient claims as to Sheriff Dart, either in his official or individual capacity. *See* Pl. Resp. to Mot. for Summ. J. at p. 3. Therefore, summary judgment is granted in favor of Sheriff Dart and against Plaintiff on all claims against Sheriff Dart. Plaintiff also concedes that he has not raised issues of material fact as to his excessive-force claims against the remaining Defendants. *Id.* at 9. He further concedes that the statute of limitations on these claims has run and he is unable to add any additional defendants. *Id.* Therefore, summary judgment is granted as to any excessive-force claims against the remaining Defendants. Thus, the only claim remaining is Plaintiff's failure-to-protect claim against the remaining individual Defendants.

As set forth above, each Defendant has submitted an affidavit stating that he or she was not present during the attack. Plaintiff testified that they were. Because the

Court cannot make credibility determinations at this juncture, the Court accepts Plaintiff's testimony for purposes of resolving this Motion for Summary Judgment. As discussed below, however, Plaintiff has offered no evidence to show that Defendants violated his constitutional rights if they were present.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (citations omitted). This is because "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (citing *Cortes-Quinones v. Jimenez-Nettleship*, 842 F.2d 556, 558 (1st Cir. 1988)).

Plaintiff alleges that Defendants violated the Eighth Amendment by failing to protect him from the attack in the Yard on October 8, 2007. To show this, Plaintiff must demonstrate: (1) that Defendants were aware of a substantial risk of serious injury to Plaintiff and (2) that they failed to take appropriate steps to protect Plaintiff from this danger. *Id.* at 847.

Turning to the first prong, "[a] prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991). In the instant case, Plaintiff argues that his "look of fear" to Defendants in the Yard constitutes actual knowledge of the threat against Plaintiff and that the Defendants then failed to act in a timely manner to protect him. Other than this "look of fear," Plaintiff concedes that he gave Defendants no other warning of a possible attack because Plaintiff himself did not know of the threat until a few moments before it happened. Moreover, Plaintiff concedes

that he did not give this look of fear *before* he was attacked in the Yard. Pl. 56.1(b) ¶ 1. Rather, the look of fear was given at some point *during* what Plaintiff describes as a "melee." *Id.* Additionally, Plaintiff has not cited any authority – and this Court can find no authority – stating that a look of fear is sufficient to put Defendants on notice of substantial risk of serious harm.

Indeed, situations where prison officials had more substantiated notice and more time before an attack have been found not to violate a prisoner's rights. In *Claudio v. Illinois Department of Corrections*, for example, a disturbance in the dining room of the prison erupted, during which the plaintiff was stabbed several times. No. 84 C 7154, 1986 U.S. Dist. LEXIS 16255, at *3 (N.D. Ill. Dec. 18, 1986). Prior to this disturbance, plaintiff had never alerted prison officials of any fear of being attacked by other inmates. *Id.* at *8. The court held that the defendants lacked actual knowledge of the threat against plaintiff and granted the defendants' motion for summary judgment. *Id.* The court also noted that, "isolated acts of violence do not constitute cruel and unusual punishment." *Id.* at *7 (citing *Mandyun v. Thompson*, 657 F.2d 868, 875 (7th Cir. 1981).

Similarly, in *Contreras v. Purtell*, No. 06-C-2156, 2007 U.S. Dist. LEXIS 88037, at *2 (N.D. Ill. Nov. 28, 2007), an inmate plaintiff informed officers that he thought he would be attacked but that he did not know who might do so. The court held that his statement did not provide the officer-defendant with actual knowledge of a specific threat; specifically, the plaintiff did not inform the defendant "who threatened him, the nature of the threat, where and when the threat would be carried out, or how the harm would occur." *Id.* at *5.

8

In the instant case, it is undisputed that Plaintiff did not provide Defendants with any advance notice that he would be attacked by other inmates in the Yard. Indeed, he was unaware that any such attack would take place; and he concedes that he did not give Defendants his "look of fear" until some time after the attack began. Pl. 56.1(b) ¶ 1.

At best, Plaintiff is arguing that he gave notice to Defendants that he was *presently* being attacked and that Defendants failed to come to his assistance. But even if Defendants were present and did see that Plaintiff was being attacked, it is not necessary for correctional officers to immediately or unreasonably intervene in an inmate-on-inmate assault. *See Guzman v. Sheahan*, 495 F.3d 852, 857-59 (7th Cir. 2007). "Guards are not required to put themselves at risk to break up [a] fight between inmates and may wait for backup before intervening." *Bell v. Reusch*, 326 Fed. Appx. 391, 393 (7th Cir. 2009) (citing *Guzman* 495 F.3d at 858). Plaintiff has not produced any evidence that would support a reasonable inference that Defendants could have assisted him during the incident and failed to do so.

Thus, Plaintiff has not set forth any evidence that Defendants were aware of any substantial risk of serious injury to Plaintiff and failed to take appropriate steps to protect him from that danger. Any possible involvement by or awareness of Defendants in this isolated act of violence does not support a claim for cruel and unusual punishment under the Eighth Amendment. Accordingly, Defendants' Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons discussed above, Defendants' Motion for Summary Judgment is granted in its entirety.

Date: 11-10-10

JOHN W. DARRAH
United States District Court Judge